UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN CLAY ALLEN,

    Plaintiff,

v.

Case No. 19-cv-10518
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

JAMES CUDDIE and GLADWIN
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S [sic] AFFIRMATIVE DEFENSE (DE 12) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 13)**

**I. BACKGROUND**

Plaintiff, Justin Clay Allen, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against two defendants, James Cuddie and the Gladwin County Sheriff's Department, alleging violations of the First, Fourth and Fourteenth Amendments to the Constitution based on the search and seizure of his vehicle. (DE 1.) He seeks declaratory and injunctive relief, as well as an award of monetary damages. (*Id.*) Defendants have been served and, on April 9, 2019, filed an Answer with Affirmative Defenses to Plaintiff's Complaint. (DE 9.)

1

This matter is before the Court for consideration of Plaintiff's April 29, 2019 motion for extension of time to respond to Defendant's [sic] affirmative defense[s] (DE 12), and motion for appointment of counsel (DE 13).

## II. Plaintiff's Motion for Extension of Time to Respond to Defendants' Affirmative Defenses (DE 12)

Plaintiff seeks additional time in which to file a pleading in reply to Defendants' Answer and Affirmative Defenses, stating that he "is on the callout to go to the facility law library to do the necessary legal research to enable [him] to respond to the Defendant's [sic] Affirmative Defense[s]." (DE 12.)

Rule 7(a) of the Federal Rules of Civil Procedure lists the permissible pleadings. Rule 7(a)(7) provides that a party may file a reply to an answer only "if the court orders one." Fed. R. Civ. P. 7(a)(7). The Court has ordered no such pleading in this case, and accordingly, Plaintiff's motion for an extension of time to file a response to Defendants' Answer and Affirmative Defenses (DE 12) is **DENIED**.

## III. Plaintiff's Motion for Appointment of Counsel (DE 13)

Plaintiff filed a motion for appointment of counsel, asking the Court to appoint an attorney because his imprisonment will "greatly limit his ability to litigate" and he has had "severe head trauma over the years" and a "learning disability that will affect his ability to litigate this matter properly." (DE 13.)

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in a civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional

circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1]

Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for appointment of counsel. Plaintiff contends that his imprisonment will "greatly limit his ability to litigate" and that he has sought representation from several attorneys and organizations but has yet to receive any response. (DE 13.) Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances, even taking Plaintiff's unsupported assertion of "severe head trauma over the years" and learning disability into account. The claims in

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Plaintiff's complaint are not particularly complex. Moreover, Plaintiff has illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner in his complaint, and even in the instant motion. Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 13.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: May 6, 2019
s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on May 6, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
(313) 234-5200